UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WENDY AUSTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-cv-00392 |
| BARRY ALEXANDER, d/b/a BARRY ALEXANDER AUTOMOTIVE, LLC and BARRY ALEXANDER, individually, | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Wendy Austin ("Austin") brought this nine-count action against Barry Alexander ("Alexander") and his company, Barry Alexander Automotive, LLC ("Automotive") (collectively "Defendants") arising out of her allegedly tumultuous employment as Alexander's personal assistant. Before the Court is Defendants' Motion to Dismiss Counts I, II, III, V, and VI of Complaint (Doc. No. 12), to which Austin has responded in opposition (Doc. No. 19) and Defendants have replied (Doc. No. 20). For the following reasons, Defendants' Motion to Dismiss will be granted in part and denied in part.

## I. FACTUAL ALLEGATIONS[1]

On September 19, 2006, Austin began working for Automotive as an employee in its accounting department, and she held that position until she became Alexander's personal assistant

---

[1] The Court will discuss only the background and facts necessary to resolve the pending motion to dismiss. Moreover, the facts in this section are drawn from the Complaint (Doc. No. 1) and are assumed to be true for purposes of ruling on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint").

sometime around 2013. (Doc. No. 1 ¶¶ 10, 12.) As Alexander's personal assistant, Austin was told she would be responsible for helping Alexander with his personal bills, mail, correspondence, and errands. (Id. ¶ 13.)

Austin alleges that shortly after she accepted this new position, Alexander began behaving inappropriately towards her. (Id. ¶ 14.) For example, Alexander sent Austin provocative photographs of nude or partially nude women, a shirtless picture of himself, a pornographic video, and messages "bragging about his sexual relationships," and asked her to save some of these images and a separate nude photograph of Alexander to her personal cell phone. (Id. ¶¶ 19, 20-28, 31.) Alexander made multiple demeaning comments about Austin's attire and hairstyle, and made her meet with a personal shopper to select more flattering clothes to wear at work. (Id. ¶¶ 45-52.) Alexander also told Austin that her weight was an issue, hired a personal trainer to train Austin 3-5 times a week, and required Austin "to work out in the gym upstairs in their corporate office, where there were cameras that [Alexander] monitored." (Id. ¶ 53.)

Austin also alleges an incident in February 2018 where Dane Alexander, who is Alexander's son and held a higher position of authority than Austin at Automotive, attempted to physically assault her in the workplace and said he "was going to put his hand down into her shirt and pinch her left nipple." (Id. ¶¶ 32-34, 83, 99.) Although she "was able to fight him off and protested loudly enough that she was heard in the hallway of the offices," neither Automotive nor Alexander reprimanded him in any way. (Id. ¶¶ 34-38, 83.)

"As a result of this hostile and sexually degrading work environment," Austin resigned from her position as Alexander's personal assistant on May 4, 2018. (Id. ¶¶ 12, 72.) Based on the circumstances leading to her resignation, Austin brought nine claims against Alexander and

Automotive under federal and Tennessee law. Defendants now move to dismiss five of those claims under Federal Rule of Civil Procedure 12(b)(6).

**II.    LEGAL STANDARD**

In considering a motion to dismiss under Rule 12(b)(6), the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). Plaintiff need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957) (internal quotation marks omitted), and the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). Nevertheless, the allegations "must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). In short, a complaint must state a plausible claim for relief to survive a motion to dismiss. Id. at 679; Twombly, 550 U.S. at 556.

**III.   ANALYSIS**

Defendants have moved to dismiss Austin's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Count I) and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, et seq. (Count II), as well as her claims for Outrageous Conduct (Count III), Negligence (Count V), and Negligent Infliction of Emotional Distress (Count VI). The Court will address each of these counts in turn.

A.      Title VII and THRA Hostile Environment Claims (Counts I and II)

Defendants move to dismiss Austin's Title VII and THRA claims, arguing that the Complaint fails to state a plausible claim that the "allegedly harassing conduct was sex-based or substantial enough to establish a prima facie case of hostile work environment." (Doc. No. 13 at 3-12.) In response, Austin contends that the Complaint is replete with allegations that the continuous and ongoing campaign of harassment and discrimination she endured was based upon her sex. (Doc. No. 19 at 5.)

Both Title VII and the THRA[2] prohibit sexual harassment that creates a hostile or abusive work environment. See Williams v. Gen. Motors Corp., 187 F.3d 553, 560 (6th Cir. 1999). To state a claim for hostile work environment under Title VII or the THRA, a plaintiff must plead facts to show that: (1) she belonged to a protected class, (2) she was subject to unwelcome harassment, (3) the harassment was based on sex, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) Defendants knew or should have known about the harassment and failed to act. Waldo v. Consumers Energy Co., 726 F.3d 802, 813 (6th Cir. 2013).

Although a plaintiff must ultimately prove all of these elements to prevail, she does not have the initial burden of establishing a prima facie hostile work environment claim to survive a motion to dismiss. See Swierkiewicz, 534 U.S. at 512. Instead, the Complaint need only allege "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the plaintiff was subject to a hostile work

---

[2] "The analysis of claims brought pursuant to the THRA is identical to the analysis used for Title VII claims." Bailey v. USF Holland, Inc., 526 F.3d 880, 885 n.1 (6th Cir. 2008) (citing Campbell v. Florida Steel Corp., 919 S.W.2d 26, 31 (Tenn. 1996)).

4

environment. Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).

As an initial matter, Alexander cannot be held personally liable for violations of Title VII or the THRA.[3] Griffin v. Finkbeiner, 689 F.3d 584, 600 (6th Cir. 2012) (Title VII); Strong v. HMA Fentress Cty. Gen. Hosp., LLC, 194 F. Supp. 3d 685, 688 n.1 (M.D. Tenn. 2016) (THRA); see also Manns v. The Leather Shop, Inc., 960 F. Supp. 925, 928 (D.V.I. 1997) ("Individual liability may also not be imposed on employers even if they are the sole owners of the business."). Accordingly, the Court must dismiss Counts I and II of the Complaint as they apply to Alexander in his individual capacity.[4]

On the other hand, Austin's sex-based hostile work environment claims against Automotive are not subject to dismissal at this stage. An "employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). The Complaint alleges that Austin's direct supervisor sent her a slew of lewd and inappropriate sexual images, made demeaning comments about her clothing and hair on

---

[3] Prior to July 1, 2014, the THRA imposed individual liability on anyone "who aids, abets, incites, compels, or commands an employer to engage in" any discriminatory acts or practices. See Rhea v. Dollar Tree Stores, Inc., 395 F. Supp. 2d 696, 705 (W.D. Tenn. 2005). "However, that language was removed effective July 1, 2014, with the THRA now stating that '[n]o individual employee or agent of an employer shall be liable for any violation of [employment related discrimination] that any employer shall be found to have committed.'" Strong v. HMA Fentress Cty. Gen. Hosp., LLC, 194 F. Supp. 3d 685, 688 n.1 (M.D. Tenn. 2016) (citing Tenn. Code Ann. § 4–21–301(b)).

[4] As an alternative to her opposition to the motion to dismiss, Austin seeks to avoid dismissal by requesting "leave to amend her Complaint to state her claim with more specificity." (Doc. No. 19 at 9.) The Sixth Circuit held that a "request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." La. Sch. Emps. Ret. Sys. V. Ernst & Young, LLP, 622 F.3d 471, 486 (6th Cir. 2010). Accordingly, Austin's throwaway request to amend will be denied.

multiple occasions, and forced her to exercise with a personal trainer at work multiple times a week in an area that he monitored by video camera. It also alleges that Automotive failed to reprimand Alexander's son, who held a higher position of authority than Austin, after he attempted to put his hand down Austin's shirt despite her physical and audible protests. Construing the Complaint in the light most favorable to Austin, the Court draws the reasonable inference that the cumulative effect of these actions created an abusive work environment and constituted more than "simple teasing, offhand comments, and isolated incidents" that normally do "not amount to discriminatory changes in the terms and conditions of employment." See Faragher, 524 U.S. at 788. Viewed as a whole, it is also reasonable to infer that the sexual nature of this conduct was based, at least in part, on Austin's sex. Accordingly, the Court will deny Automotive's motion to dismiss Austin's hostile work environment claims under Title VII and the THRA.

B.  Outrageous Conduct Claim (Count III)

Because Austin has alleged a claim for both "outrageous conduct" (Count III) and "intentional infliction of emotional distress" (Count IV), Defendants move to dismiss Austin's outrageous conduct claim based on the decision in Rogers v. Louisville Land Co., 367 S.W.3d 196, 204-05 (Tenn. 2012). In Rogers, the Tennessee Supreme Court held that:

> Intentional infliction of emotional distress and outrageous conduct are different names for the same cause of action—not two separate torts. . . . Although the term "outrageous conduct" has gained widespread use as a substitute or shorthand for intentional infliction of emotional distress, it is more accurately and correctly used as referring to an *element* of intentional infliction of emotional distress. Because having two names for the same tort—"intentional infliction of emotional distress" and "outrageous conduct"—engenders potential confusion and misunderstanding and may lead to error, courts and litigants should no longer refer to "outrageous conduct" as a separate, independent cause of action, nor as a synonym for the tort of intentional infliction of emotional distress.

Id. at 205. In response, Austin "does not contest Defendants' challenge to Count III of [the] Complaint and agrees that it is duplicative of Count IV." (Doc. No. 19 at 1 n.1.) Thus, to avoid

potential confusion and redundancy, the Court will grant Defendants' motion to dismiss Austin's outrageous conduct claim.

C. Negligence Claims (Counts V and VI)

Defendants argue that Austin's negligence (Count V) and negligent infliction of emotional distress (Count VI) claims should be dismissed because they are preempted by her claims under Title VII and the THRA. (Doc. No. 13 at 13-14.) In support of this argument, Defendants contend that "courts applying Tennessee law have consistently held that Title VII and the THRA supersede any common law claims for employment discrimination." (Id. at 14 (citing Pigott v. Battle Ground Academy, 909 F. Supp. 2d 949, 967 (M.D. Tenn. 2012); Fleming v. Sharp Mfg. Co. of Am., No. 11-2911-STA, 2012 WL 3049624 (W.D. Tenn. July 25, 2012)).) Common law employment discrimination and retaliatory discharge claims are clearly preempted by the THRA, but as Austin correctly notes, "Defendants have cited no authority for their assertion that Title VII and [the] THRA preempt tort claims generally, or specifically the negligence and negligent infliction of emotional distress as pled . . . in Counts V and VI." (Doc. No. 19 at 7.)

There appears to be some overlap between Austin's negligence and negligent infliction of emotional distress claims and her Title VII and THRA claims, but there are also some allegations, such as the alleged physical abuse from Dane Alexander (see Doc. No. 1 ¶¶ 115, 119), that could support a state law cause of action that would not fall within the statutory schemes of Title VII or the THRA. For example, other courts have held that "where a negligence claim is based on common law assault or battery, Title VII does not preempt the negligence claim." See Robinson v. DarCars of New Carrollton, Inc., 2012 WL 993405, at *5 (D. Md. Mar. 22, 2012). Without the benefit of discovery and a more substantial factual record, the Court cannot find that Austin's negligence and negligent infliction of emotional distress claims are preempted by Title VII or the THRA at this stage. See Keener v. Universal Cos., Inc., 128 F. Supp. 3d 902, 918 (M.D.N.C. 2015)

7

(denying motion to dismiss despite argument that Title VII preempted Plaintiff's negligent supervision and retention and negligent infliction of emotional distress claims). Accordingly, the Court will deny Defendants' motion to dismiss as to these claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts I, II, III, V, and VI of Complaint (Doc. No. 12) will be granted as to Counts I and II against Alexander individually, granted as to Count III against both Defendants, and denied in all other respects.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE