IN THE UNITES STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

WENDY AUSTIN,

    Plaintiff,

v.

BARRY ALEXANDER
AUTOMOTIVE, LLC; and
BARRY ALEXANDER,

    Defendants.

Case No. 3:19-cv-00392
Jury Demand
JUDGE CRENSHAW
MAGISTRATE JUDGE HOLMES

## ANSWER AND COUNTERCLAIM

Defendants Barry Alexander Automotive, LLC and Barry Alexander respond as follows to Plaintiff Wendy Austin's Complaint:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and so deny the same.

2. Admitted that Barry Alexander Automotive, LLC is a limited liability company organized in Tennessee. Admitted that Barry Alexander Automotive, LLC may be served through its registered agent, Jim Cameron, at 112 Westwood Place, Brentwood, Tennessee, 37027. Denied in all other regards.

3. Admitted.

4. Paragraph 4 of the Complaint contains no allegations requiring response. To the extent Paragraph 4 of the Complaint alleges violations of 42 U.S.C. § 1981 *et seq.* and violations of unspecified Tennessee statutory and common law, Defendants deny such allegations.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Admitted that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on July 20, 2018. Admitted that the Equal Employment Opportunity Commission issued a Right to Sue Letter to Plaintiff on February 12, 2019. Denied in all other regards.

10. Denied.

11. Admitted.

12. Admitted that Plaintiff served as a personal assistant for approximately 5 years. Denied in all other regards.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted that Plaintiff, as Defendant Alexander's personal assistant, assisted him in responding to an extortion attempt by receiving and forwarding to Defendant Alexander's legal counsel photographs and videos of Defendant Alexander. Denied in all other regards.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that Defendant Alexander informed Plaintiff on several occasions during business hours that her apparel fell below the standards set forth in Defendant Alexander Automotive, LLC's Employee Handbook. Denied in all other regards.

46. Admitted that Defendant Alexander gave Plaintiff a $500 gift card and connected her with a buyer in Green Hills to assist Plaintiff in the selection of office attire consistent with the standards set forth in Defendant Alexander Automotive, LLC's Employee Handbook. Denied in all other regards.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted that Defendant Alexander rented a house to Plaintiff at a below-market rate. Denied in all other regards.

59. Admitted that Defendant Alexander rented a house to Plaintiff at a below market rate. Denied in all other regards.

60. Denied.

61. Denied.

62. Denied.

63. Admitted that Defendant Alexander, often at Plaintiff's request, arranged for various professionals to maintain or further improve the property he leased to Plaintiff. Denied in all other regards.

64. Denied.

65. Denied.

66. Denied.

67. Admitted that Defendant Alexander Automotive, LLC did not compensate Plaintiff for her lunch breaks. Denied in all other regards.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

# COUNT I
# VIOLATION OF TITLE VII
### (against Barry Alexander Automotive, LLC only)

73. Paragraph 73 of the Complaint contains no allegations requiring response. To the extent Paragraph 73 contains any allegations, Defendants deny such allegations.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT II
## VIOLATION OF TENNESSEE HUMAN RIGHTS ACT
**(against Barry Alexander Automotive, LLC only)**

89. Paragraph 89 of the Complaint contains no allegations requiring response. To the extent Paragraph 89 contains any allegations, Defendants deny such allegations.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## COUNT III
## OUTRAGEOUS CONDUCT
### (Dismissed)

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110. Paragraph 110 of the Complaint contains no allegations requiring response. To the extent Paragraph 110 contains any allegations, Defendants deny such allegations.

111. Denied.

112. Denied.

## COUNT V
## NEGLIGENCE

113. Paragraph 113 of the Complaint contains no allegations requiring response. To the extent Paragraph 113 contains any allegations, Defendants deny such allegations.

114. Denied.

115. Denied.

116. Denied.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

117. Paragraph 117 of the Complaint contains no allegations requiring response. To the extent Paragraph 117 contains any allegations, Defendants deny such allegations.

118. Denied.

119. Denied.

120. Denied.

## COUNT VIII [sic]
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

121. Paragraph 121 of the Complaint contains no allegations requiring response. To the extent Paragraph 121 contains any allegations, Defendants deny such allegations.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## COUNT IX [sic]
## BREACH OF CONTRACT/UNJUST ENRICHMENT/QUANTUM MERUIT

126. Paragraph 126 of the Complaint contains no allegations requiring response. To the extent Paragraph 126 contains any allegations, Defendants deny such allegations.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## AFFIRMATIVE DEFENSES

133. All other allegations in the Complaint not expressly admitted are denied.

134. The Complaint fails to state a claim for which relief can be granted.

135. The claims asserted in the Complaint are barred by the applicable statutes of limitations.

136. The claims asserted in the Complaint are barred by the Plaintiffs failure to exhaust her administrative remedies.

137. The claims asserted in the Complaint are barred by the doctrines of waiver, estoppel, laches, and acquiescence.

138. The claims asserted in the Complaint are barred by accord and satisfaction.

139. The claims asserted in the Complaint are barred by the Defendants' substantial performance.

140. The claims asserted in the Complaint are barred by Plaintiffs comparative fault.

141. The claims asserted in the Complaint are barred by Plaintiffs bad faith and unclean hands.

WHEREFORE, having fully responded to Plaintiff Wendy Austin's Complaint, Defendant's pray:

A. That the Complaint be dismissed with prejudice;

B. That the Defendants be awarded their reasonable attorney's fees and the costs of this action; and

C. That the Defendants be awarded such other and further relief as is just and equitable.

## COUNTERCLAIM

Having answer the Complaint against them, Barry Alexander Automotive, LLC and Barry Alexander, individually, state the following counterclaim against Wendy Austin:

### Parties, Jurisdiction, and Venue

1. Counterclaimant Barry Alexander Automotive, LLC is a limited liability company organized under the laws of the State of Tennessee with its principal place of business in Tennessee.

2. Counterclaimant Barry Alexander is a resident and citizen of the State of Tennessee.

3. Counterclaim-Defendant Wendy Austin is a resident and citizen of the State of Tennessee.

4. The Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Factual Allegations

6. Counterclaim-Defendant Wendy Austin worked as Barry Alexander's personal assistant from 2013 until she voluntarily resigned without notice on May 4, 2018.

7. Ms. Austin's job responsibilities included helping Mr. Alexander with his personal mail and business correspondence, paying bills, running errands, and aiding Mr. Alexander with various tasks.

8. Mr. Alexander and Ms. Austin developed a friendly relationship during her employment as Mr. Alexander's personal assistant. As a result, Mr. Alexander began helping Ms. Austin with various aspects of her personal life.

9. Beginning in or around March of 2013, Mr. Alexander began leasing real property in Williamson County commonly referred to as 4352 Columbia Pike to Ms. Austin at a reduced rate. Mr. Alexander did so to permit Ms. Austin to distance herself from her ex-husband and to enroll her children in Williamson County Schools.

10. While Ms. Austin was his tenant, Mr. Alexander made additional improvements to the property for her benefit, including installing a carport and constructing a bonus room.

11. Mr. Alexander also caused Barry Alexander Automotive, LLC to provide various benefits to Ms. Austin without charge.

12. For example, Ms. Austin lamented that her lack of physical activity "makes me feel fat." Mr. Alexander arranged for a personal trainer to engage Ms. Austin in individual workout sessions, some even during work hours.

13. Ms. Austin was proud of her results, excitedly telling Ms. Alexander "Guess what BA??? I have lost 15 inches so far!!!"

14. After another session, Ms. Austin expressed her thanks to Mr. Alexander, declaring "She is a really good trainer. I am so grateful to have this chance and to have her teaching me along the way."

15. Ms. Austin was dedicated to her physical training. After Mr. Alexander advised her to rest after a bout of illness, Ms. Austin responded that "I'm working out today at 1:30. I have to. I feel terrible not."

16. Later, Ms. Austin added "By the way… I went there to pay for this class and ma told me that u paid for me. I don't know what to say BA. Thank you so much for all that u have done for me."

17. Ms. Austin grew proud of her physical transformation and made additional changes to her appearance. She altered her hair color, excitedly sending pictures to Mr. Alexander and saying "Ignore the dumb look on my face . . . but I got rid of my black hair!!" Mr. Alexander responded with encouragement.

18. After a brief dustup regarding Ms. Austin's obligation to schedule professionals going to and from Mr. Alexander's gated home—to whom Ms. Austin had to give access—to avoid long absences from work, Mr. Alexander and Ms. Austin had a heartfelt exchange:

> Wendy: By the way, my flowers are beautiful thank you so much BA!!!! That was very sweet!!!
>
> Barry: You're the best[.] Sorry for all the trouble just a lot of ME to handle.

> Wendy: Thank you BA! It means the world to me that you say that.
>
> Barry: Love you.
>
> Wendy: Love you BA! Very much and ur entire family.
>
> Barry: Thanks.

19. Because of their close relationship, Mr. Alexander also trusted Ms. Austin to help even with issues of a very personal nature.

20. When an individual attempted to extort Mr. Alexander by threatening to make images depicting Mr. Alexander in a state of undress public if he did not pay a demand, Mr. Alexander relied on Ms. Austin and his attorney to address the situation.

21. During a staged conversation orchestrated by Ms. Austin and the attorney to elicit evidence from the individual, Ms. Austin received in her e-mail inbox two pictures of Mr. Alexander, one of which showed Mr. Alexander nude.

22. Mr. Alexander thanked Ms. Austin for help and apologized saying "Sorry you had to see that." Ms. Austin responded "I don't care about the pics BA. It's whatever. I just want u safe and without harm. Period."

23. The parties' relationship began to deteriorate, however, as Ms. Austin's inexplicable absences from work increased and her work product decreased.

24. Mr. Alexander sent Ms. Austin a concise e-mail on February 2, 2018, informing her that her hours were now 8:00am to 4:00pm, a reduction of one hour, and that she needed to clock in and clock out accordingly.

25. Ms. Austin was livid.

26. Immediately after receiving Mr. Alexander's e-mail, Ms. Austin accessed Barry Alexander Automotive, LLC's computer system and began moving and deleting information Barry Alexander Automatic, LLC had not authorized her to access.

27. Ms. Austin began moving information she thought would be personally embarrassing to Mr. Alexander, including the explicit photographs of Mr. Alexander she obtained during her response to the extortion attempt.

28. Additionally, after receiving Mr. Alexander's e-mail, Ms. Austin began intentionally mischaracterizing Mr. Alexander's lease of a home to her at sub-market rates, provision of the services of a personal trainer and spaces to workout, compliments on her hairstyle, and her receipt of explicit images of Mr. Alexander.

29. Ms. Austin began telling her family and friends—including but not limited to Tom Austin, Amy Harrell, Danny Harrell, Tracy Lipari, Thomas Lipari, and Darrin Moss—that Mr. Alexander and Barry Alexander Automotive, LLC engaged in the activities described above to sexually harass her.

## LEGAL CLAIMS

### COUNT I
### DEFAMATION

30. Counterclaimants incorporate by reference Paragraphs 1 through 29 of the Counterclaim as if fully set forth herein.

31. Ms. Austin published to her family and friends—including but not limited to Tom Austin, Amy Harrell, Danny Harrell, Tracy Lipari, Thomas Lipari, and Darrin Moss—that Mr. Alexander and Barry Alexander Automotive, LLC sexually harassed her by leasing real property to her while also having professionals

make improvements to the property, by providing a personal trainer to Ms. Austin and permitting her to work out during business hours, by complimenting Ms. Austin on her hairstyle, and by entrusting to her the handling of an extortion during which Ms. Austin received sensitive images of Mr. Alexander.

32. Ms. Austin published these statements both orally and in writing.

33. When Ms. Austin stated to the identified individuals that Barry Alexander and Barry Alexander Automotive, LLC sexually harassed her, she did so with the knowledge that such statements were false and defamatory as to Mr. Alexander and Barry Alexander Automotive, LLC.

34. Ms. Austin knew that Mr. Alexander leased 4352 Columbia Pike to her at a reduced rate so that Ms. Austin could distance herself from her ex-husband and also enroll her children in Williamson County Schools.

35. Ms. Austin knew that Mr. Alexander and Barry Alexander Automotive, LLC made a personal trainer available to her because Ms. Austin expressed a desire to be more active and fit.

36. Ms. Austin knew that Mr. Alexander did not send sexually explicit images of himself to her, but that she obtained such images in the presence of Mr. Alexander's attorney when responding to an extortion attempt.

37. Alternatively, when Ms. Austin stated to the identified individuals that Barry Alexander and Barry Alexander Automotive, LLC sexually harassed her, she did so with a reckless disregard for the truth of those statements or with negligence in failing to ascertain the truth of her statements.

38. Ms. Austin's knowingly false accusations of sexual harassment against Mr. Alexander and Barry Alexander Automotive, LLC have damaged their reputations, and have held them up to public hatred, contempt, and ridicule.

39. As a direct and proximate result of Counterclaim-Defendant's conduct, the Counterclaimants have suffered damages.

## COUNT II
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

40. Counterclaimants incorporate by reference Paragraphs 1 through 29 of the Counterclaim as if fully set forth herein.

41. Counterclaim-Defendant knowingly exceeded her authorization to access Barry Alexander Automotive, LLC's computer system to obtain information to which she was not entitled.

42. The information to which Counter-Defendant was not authorized to access but that she accessed, moved, and deleted, included sensitive images of Mr. Alexander that Counterclaim-Defendant obtained when responding to an extortion attempt.

43. Counterclaim-Defendant exceeded her authorized access to Barry Alexander Automotive, LLC's computer system to obtain personally embarrassing or otherwise confidential information concerning Mr. Alexander that Counterclaim-Defendant assumed Mr. Alexander would not want made public.

44. Counterclaim-defendant acted at all times with the intent to further her fraudulent claims that Counterclaimants sexually harassed her.

45. As a result of Counterclaim-Defendants unauthorized access and transmission of a program, information, code, or command, Counterclaim-Defendant intentionally caused damage to Barry Alexander Automotive, LLC's computer system.

46. As a direct and proximate result of Counterclaim-Defendant's conduct, the Counterclaimants have suffered damages.

WHEREFORE, Barry Alexander and Barry Alexander Automotive, LLC, pray that the Court enter judgment on its behalf and respectfully request the following relief:

A. For a judgment of actual, compensatory, and consequential damages against Counterclaim-Defendant in an amount to be proven at trial:

B. For a judgment of punitive damages against Counterclaim-Defendant in an amount to be proven at trial.

C. For a judgment against Counterclaim-Defendant of its reasonable attorneys' fees and costs associated with this litigation;

D. For a judgment of pre-judgment interest and post-judgment interest; and

E. For such other and further relief as this Court deems to be reasonable, necessary, and just.

Respectfully submitted:

s/ Nicholas D. Bulso
Eugene N. Bulso, Jr. (BPR No. 12005)
Nicholas D. Bulso (BPR No. 35407)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
Tel. (615) 780-4100
Fax. (615) 780-4118

*Attorneys for Defendants Barry Alexander Automotive, LLC and Barry Alexander*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on February 28, 2020 via the Court's ECF system, which is expected to deliver it via electronic means to:

James C. Bradshaw III
Meredith L. Eason
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville, TN 37201

Raymond T. Throckmorton, III
Law Office of Raymond T. Throckmorton
2016 8th Avenue South
Nashville, TN 37204

*Attorneys for Plaintiff Wendy Austin*

s/ Nicholas D. Bulso
Nicholas D. Bulso